FbeeMAN, J.,
delivered tbe opinion of the court:
This indictment for perjury was quashed by the court below, and the state has appealed.
The indictment contains two counts, one charging the defendant with swearing falsely to an answer in chancery, the other in deposing as a witness in a case before a justice of the peace. The matter averred to be false in the first count, is in swearing in the chancery proceeding that “respondent, in a fair trade, did sell William James a stud horse, and he paid respondent therefor;” and the second, that the party had not paid him for said horse.
The objection taken to both counts is, that while it is averred that a certain suit was pending in the chancery court, naming the parties to the same, the jurisdiction of the court, and we believe all the other matters necessary to complete the charge, yet it is not shown by a statement of facts what the issue was in either the chancery court or before the magistrate, but only averred that in said cause it became material to know whether or not William James had purchased from Wm. Owens, a certain horse, etc. There is no statement of what was the matter in controversy in either case. By sec. 5129 [Shannon’s Oode, sec. 7092], it is provided that it shall not be necessary to set forth in the pleadings in such cases, records or proceedings with which the oath is connected. But the next section. *535 5130 [Shannon’s Code, sec. 7093], provides: “It shall he sufficient in such case to give the substance of the controversy or matter in respect to which the offense was committed, etc. This requirement, it is clear, is not met by the averments of this indictment. There is no statement of the substance of the matter of controversy in either case. It is only averred there was a suit pending — what the substance, or substantially, what was the matter of controversy, is not shown, only that it became material. That is not the {ivernient of facts showing the materiality of the matter assigned, but only a conclusion of law, an opinion of the pleader. There should be such a summary statement of the matter in issue in the case as that the court . can see the materiality of the matter sworn to. This is a clear requirement of the Code, and may easily be complied with. We hold the judgment of the court below is correct, and affirm the same.